# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.     Case No. 13-C-0301
      (02-CR–075)

**JACK PAPANDREOU,**

        **Movant.**

# DECISION AND ORDER

This matter is before the Court on the motion of Movant Jack Papandreou, ("Papandreou") for relief under 28 U.S.C. § 2255(f)(4). (ECF No. 1.) Section 2255(f)(4) provides that the one-year limitations period within which a § 2255 motion must be filed "shall run from the latest of" several alternative dates, one of which is "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Papandreou invokes § 2255(f)(4) arguing that he has newly discovered evidence, the Illinois Parole Board's decision granting him parole on August 11, 2012, and that based on that information he should receive six and a half months jail time credit under U.S.S.G.

§ 5G1.3(c). Unfortunately, Papandreou has skirted a more fundamental issue presented by the fact that this action is a second successive petition and must be dismissed for lack of jurisdiction.

The following procedural history provides background for the Court's determination. Papandreou is currently serving a 210-month sentence imposed by this Court after he entered a guilty plea in August 2003 to one count of conspiring to possess and distribute five kilograms or more of cocaine, marijuana, and ecstacy. Papandreou was sentenced on July 22, 2004.

Papandreou did not file a direct appeal. Instead, he filed a motion pursuant to 28 U.S.C. § 2255 asserting that the Court had erred in the calculation of his sentence. Because Papandreou had not raised his claim of sentencing error on direct appeal following his conviction, this Court denied his motion explaining that a § 2255 motion cannot be used as a substitute for a direct appeal. (*United States v. Papandreou*, No. 08-C-64 ("*Papandreou I*"), Court's January 22, 2008, Decision and Order 1 (citing *Johnson v. United States*, 838 F.2d 201, 202 (7th Cir. 1988).) (E.D. Wis.) (ECF No. 3.) Next, Papandreou sought a certificate of appealability, which this Court denied. (*Id.*, ECF No. 8.) Subsequently, the Court of Appeals for the Seventh Circuit denied a similar request and dismissed the appeal. The Court of Appeals filed its mandate on July 14, 2009. (*Id.*, ECF No. 13.)

On January 21, 2010, Papandreou filed a motion citing Rule 60(b) of the Federal Rules of Civil Procedure. The Court issued a Decision and Order on February 26, 2010,

2

holding that the substance of Papandreou's claims fitted squarely within the scope of § 2255. (*Id.,* ECF No. 16.) The Court dismissed the motion for lack of subject matter jurisdiction and included information outlining the procedure for seeking permission from the Court of Appeals to file a successive petition. Papandreou did not appeal the February 26, 2010, ruling. However, he filed a motion for reconsideration, which this Court denied on November 6, 2012, and denied a certificate of appealability. (*Id.*, ECF No. 18.) Papandreou filed an appeal, which was dismissed for failure to pay the docketing fee. (*Id.*, ECF No. 27.)

Papandreou couches this motion as a motion pursuant to § 2255(f)(4). However, in essence, Papandreou's motion is a successive § 2255 motion over which this Court lacks jurisdiction absent prior authorization by the court of appeals. *See Hare v. United States,* 688 F.3d 878, 880 n.3 (7th Cir. 2012) (citations omitted) (stating "we look at the substance of a motion rather than its title to determine whether it is a successive collateral attack. We do this to police attempted end-runs around the successive petition limitations of § 2255 by restyling motions in different ways.") Papandreou pursued a direct appeal and his one opportunity at a collateral attack. The instant motion is clearly a successive motion.

Section 2255(h) of Title 28 of the United States Code states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

3

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Since Papandreou has not obtained prior permission from the court of appeals, this action is dismissed for lack of jurisdiction. *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Papandreou is advised that this Court lacks jurisdiction to entertain any further collateral proceedings unless the Court of Appeals first grants permission under § 2244 and § 2255(h). If Papandreou intends to seek permission from the court of appeals to file a successive petition, he should be aware that 7th Circuit Rule 22.2 sets forth the requirements for such petitions. The text of the Rule is appended to this Decision and Order.

Any movant appealing a district court's ruling dismissing his motion under 28 U.S.C. § 2255, must first secure a certificate of appealability from the district court or the court of appeals. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1). That is true even when a movant is appealing from the dismissal of an unauthorized second or successive motion. *See Sveum v. Smith,* 403 F.3d 447, 448 (7th Cir. 2005).

Therefore, as required by Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court certifies to the court of appeals that it has concluded jurists of reason would not find it debatable whether this Court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C.

4

§ 2253(c)(2). Therefore, this Court declines to issue a certificate of appealability. Since this Court has not issued a certificate of appealability, Papandreou may not appeal this determination. However, he may seek a certificate from the Court of Appeals under Federal Rule of Appellate Procedure 22. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Papandreou's motion to pursuant to § 2255(f)(4) (ECF No. 1) is **DISMISSED**;

This action is **DISMISSED**;

The Clerk of Court is **DIRECTED** to enter judgment accordingly; and

The Court also **DECLINES** to issue a certificate of appealability from this Order pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings in the United States District Courts.

Dated at Milwaukee, Wisconsin this 5th day of April, 2013.

**BY THE COURT**

_____
**Hon. Rudolph T. Randa**
**U.S. District Judge**

Circuit Rule 22.2. Successive Petitions for Collateral Review

(a) A request under 28 U.S.C. §2244(b) or the final paragraph of 28 U.S.C. §2255 for leave to file a second or successive petition must include the following information and attachments, in this order:

(1) A disclosure statement, if required by Circuit Rule 26.1.

(2) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:

(A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or

(B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the applicant guilty of the crime, had there been no constitutional error.

(3) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.

(4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.

(5) Copies of all prior petitions or motions for collateral review.

(b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, filing and service may be made under the terms of Fed. R. App. P. 4(c).

(c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days.

6

When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

(d) The applicant may file a reply memorandum within 14 days of the response, after which the request will be submitted to a panel of the court for decision.

(e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.